J-S78038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK M. RING, | : | |
| | : | |
| Appellant | : | No. 718 MDA 2014 |

Appeal from the Order entered on March 18, 2014
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0004097-2006

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JANUARY 13, 2015**

Mark M. Ring ("Ring"), *pro se*, appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously set forth the procedural history underlying the instant appeal as follows:

> On July 6, 2006, [Ring] shot and killed Joseph Tarreto. On March 15, 2007, a guilty plea hearing was held; [Ring] was represented by Frank W. Nocito, Esq[uire], and Joseph M. Nocito, Esq[uire (collectively hereinafter referred to as "the Nocitos")]. At the inception of the hearing, the trial court conducted an oral colloquy and reviewed the terms of the written plea agreement with [Ring]. Thereafter, pursuant to a negotiated plea agreement, [Ring] pled guilty to one count of murder in the third degree, 18 Pa.C.S.A. § 2502(c). On April 26, 2007, [Ring] was sentenced to 12 to 24 years of incarceration. Post-sentence motions were not filed, nor was a direct appeal filed.
>
> On April 9, 2008, [Ring], acting *pro se*, filed a timely PCRA [P]etition alleging that, as a result of [the Nocitos'] ineffective

assistance, his guilty plea was not knowingly, voluntarily, and intelligently made. John Pike, Esq[uire ("Attorney Pike")], was appointed; no amended petition was filed. On May 28, 2008, a PCRA hearing was held, via video conference, regarding the propriety of [Ring's] guilty plea. [Ring] testified on his own behalf, and the Commonwealth presented the testimony of [the Nocitos]. At the conclusion of the hearing, the PCRA court dismissed the [P]etition, finding no merit to [Ring's] claims of ineffective assistance of counsel. Counsel was granted permission to withdraw, and new counsel, Matthew P. Kelly, Esq[uire ("Attorney Kelly")], was appointed. A timely [N]otice of [A]ppeal was filed [on] June 26, 2008.

***Commonwealth v. Ring***, 996 A.2d 554 (Pa. Super. 2010) (unpublished memorandum at 1-2) (citation omitted). This Court affirmed the Order dismissing Ring's first PCRA Petition, after which the Supreme Court of Pennsylvania denied allowance of appeal. ***See id.***,[1] ***appeal denied***, 5 A.3d 819 (Pa. 2010).

Relevant to the instant appeal, on March 30, 2009, while Ring's appeal concerning his first PCRA Petition was pending with this Court, Ring filed a second, *pro se* PCRA Petition. Because of Ring's pending appeal, the PCRA court did not rule on the second PCRA Petition.

---

[1] This Court in ***Ring*** summarized its holding as follows:

> As the record supports the PCRA court's findings, we agree with the PCRA court's determination that [Ring] entered his plea voluntarily, knowingly, and intelligently, and that the plea was not the product of ineffective assistance of counsel. … [T]here is nothing in the record to support [Ring's] contention that his plea was coerced, other than his own testimony[,] which was rejected by the PCRA court ….

***Ring***, 996 A.2d 554 (unpublished memorandum at 8) (paragraph break omitted).

A few years later, on November 14, 2011, Ring filed a *pro se* amended second PCRA Petition, and brief in support thereof. There was no further action in the case, by either Ring or the PCRA court, until October 8, 2013, when Ring filed a *pro se* "Motion for Disposition," requesting that the PCRA court issue a ruling regarding his second PCRA Petition. In response, the PCRA court appointed Ring counsel, John Hakim, Esquire ("Attorney Hakim"). On December 12, 2013, Attorney Hakim filed a "no-merit" letter and accompanying Petition to Withdraw as counsel, pursuant to the procedure outlined in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In his no-merit letter, Attorney Hakim stated, *inter alia*, as follows:

> [Ring's second] PCRA [Petition] is filed based upon "the corruption in Luzerne County" during the time of his guilty plea and sentencing. [Ring's] case was not heard by any Judge implicated in any corruption scandal, nor was [Ring] represented by an attorney implicated in any corruption scandal. Further, it is not alleged that his case was in any[] way related to or effected by the "corruption."
>
> [Ring's a]mended PCRA [Petition] and [b]rief assert that, because of the "corruption," [Ring's] guilty plea was not knowing, voluntary and intelligent. Basically, [Ring] reasserts the issues raised in [his first] PCRA [Petition]. These issues were previously litigated before[,] and decided by the Court of Common Pleas and affirmed by the Superior Court.

No-Merit Letter, 12/12/13.

After review, the PCRA court determined that Attorney Hakim had complied with the *Turner*/*Finley* requirements, and, therefore, permitted him to withdraw as Ring's counsel. Shortly thereafter, the PCRA court gave

Ring Notice, pursuant to Pa.R.Crim.P. 907, of the court's intention to dismiss the second PCRA Petition without a hearing. In the Rule 907 Notice, the PCRA court stated that Ring was not entitled to collateral relief because (1) Ring's claims of the Nocitos' ineffective assistance of counsel, and an unlawfully induced guilty plea, were previously litigated; and (2) Ring's second PCRA Petition was facially untimely and jurisdictionally time-barred. Ring filed an Objection to the Rule 907 Notice. By an Order entered on March 18, 2014, the PCRA court dismissed Ring's second PCRA Petition. Ring timely filed a Notice of Appeal.

On appeal, Ring, *pro se*, presents the following issues for our review:

1. … Ring's [second] amended [PCRA Petition] and supplement make numerous averments layering claims [concerning Attorney Pike's and Attorney Kelly's] ineffectiveness. Does Ring adequately demonstrate [that Attorneys Pike and Kelly] were ineffective in the manner in which they litigated the claims?

2. … Does a cumulative prejudicial analysis of errors[,] as averred by Ring[,] provide a basis for relief?

3. Most if not all of former corrupt Judge Mark Ciavarella's ["Judge Ciavarella"[2]] orders have been vacated. Where Ring takes issue[] with [Attorney] … Kelly['s] … ineffectiveness, [should] the [O]rder issued by [] Judge Ciav[a]rella [] appoint[ing Attorney] Kelly [to represent Ring] be vacated[?]

4. … [Whether] Ring's [second] PCRA [P]etition should be treated as a first PCRA petition[?]

---

[2] Judge Ciavarella, a former Judge of the Luzerne Court of Common Pleas, was convicted of several crimes, along with his fellow Judge, former Judge Michael Conahan ("Judge Conahan"), in connection with the infamous "kids for cash" scandal. In 2009, the Pennsylvania Supreme Court vacated all of Judge Ciavarella's adjudications involving children over a five-year period.

5.  … [Does t]he record now support[] Ring's contention [that] his plea was not knowingly, voluntarily, and intelligently entered[?]

6.  … Did the [PCRA] court err by claiming, *sua sponte*, that Ring has not pled any [of the] exceptions [to the PCRA's timeliness requirement in t]his case?

Brief for Appellant at 2-3 (footnote added).[3, 4]

In reviewing a challenge to an order dismissing a PCRA petition, our standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Gandy***, 38 A.3d 899, 902 (Pa. Super. 2012) (citations omitted).

Any PCRA Petition that is not filed within one year of the date the judgment becomes final is time-barred, unless the petitioner has pled and proven one of the three exceptions to the PCRA's time limitation set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (1) governmental interference with the presentation of his claims; (2) discovery

_____

[3] In the interest of clarity, we have redacted some of the language in Ring's issues, since it is merely introductory language.

[4] We observe that Ring's Argument section does not correspond with the issues he has set forth in the Statement of Questions Presented. ***See*** Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued …."); ***see also*** Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Nevertheless, we will overlook this defect.

of previously unknown facts which could not have been discovered with due diligence; or (3) an after-recognized constitutional right given retroactive application). Here, Ring's second PCRA Petition, filed in March 2009, is facially untimely because his judgment of sentence became final more than one year prior, in May 2007.

Although Ring did not raise any of the exceptions to the PCRA's time bar in his second PCRA Petition, in his brief in support of his November 2011 *pro se* amended second PCRA Petition, he invoked the "after-discovered facts" exception.[5] Accordingly, Ring's claims on appeal regarding this exception are properly preserved for our review. *See Commonwealth v. Collins*, 957 A.2d 237, 247-48 (Pa. 2008) (holding that the PCRA petitioner had properly preserved his claim where he raised it before the PCRA court). Specifically, Ring pled that the convictions concerning Judges Conahan and Ciavarella constituted unknown facts that excused his late filing. However, Ring did not attempt to explain how the former judges' criminal conduct, which involved only *juvenile court* cases, had any impact upon his case.[6] Indeed, the record supports Attorney Hakim's assertion in his no-merit letter that "[Ring's] case was not heard by any Judge implicated in any corruption

---

[5] In his amended second PCRA Petition, Ring also raised an ineffectiveness claim against the Nocitos and all of his PCRA counsel.

[6] Ring's only allegation of the former judges' involvement in his case is that, in June 2008, Judge Ciavarella appointed Attorney Kelly to represent Ring in connection with his appeal from the dismissal of the first PCRA Petition. Aside from this action, our review discloses no involvement by either Judge Conahan or Judge Ciavarella in Ring's case.

scandal, nor was [Ring] represented by an attorney implicated in any corruption scandal." No-Merit Letter, 12/12/13. Accordingly, we conclude that Ring's unsubstantiated claim in this regard fails to meet the after-discovered facts exception to the PCRA's jurisdictional time bar.

Additionally, we observe that Ring devotes the majority of his Argument section to allegations of the Nocitos' ineffectiveness, which resulted in his entering an unintelligent and involuntary guilty plea. **See** Brief for Appellant at 14-28.[7]

"[A] claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (citing **Commonwealth v. Lark**, 746 A.2d 585, 589-90 (Pa. 2000) (stating that couching an argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time bar)); **see also Gamboa-Taylor**, 753 A.2d at 785-86 (holding that the "fact" that current counsel discovered that prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness does not satisfy the after-discovered facts exception to the time-bar).

In any event, Ring is not entitled to relief on the merits of this claim because it has been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (providing that, in order to be eligible for PCRA relief, a petitioner must plead and prove that his or her claim has not been previously litigated). The

---

[7] Ring does not set forth a claim of the Nocitos' ineffectiveness in his Statement of Questions Presented. **See** Pa.R.A.P. 2116(a).

PCRA court, in its January 23, 2014 Pa.R.A.P. 907 Notice, properly determined that Ring's claim of the Nocitos' ineffectiveness was previously litigated in connection with Ring's first PCRA Petition. *See* Rule 907 Notice, 1/23/14, at 2; *see also Ring*, 996 A.2d 554 (unpublished memorandum at 5-8). Accordingly, Ring is not eligible for PCRA relief in the instant appeal regarding this claim. *See* 42 Pa.C.S.A. § 9543(a)(3); *see also Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa. Super. 2000) (stating that a PCRA petitioner cannot obtain PCRA review of previously litigated claims by presenting those claims again in a PCRA petition and setting forth new theories in support thereof).

Because we conclude that the PCRA court neither abused its discretion nor committed an error of law by dismissing Ring's second PCRA Petition, we affirm the Order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015