J-S38043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
BORIS PETROV, :
:
Appellant : No. 1335 MDA 2014

Appeal from the Order entered on June 26, 2014
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0002534-2005

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 26, 2015**

Boris Petrov ("Petrov") appeals from the Order dismissing his second

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2007, a jury convicted Petrov of various drug charges, as well as

corruption of minors, endangering the welfare of children, and criminal

conspiracy. These charges are related to the discovery by police of Petrov's

use of an abandoned funeral home to grow and distribute marijuana. The

trial court sentenced Petrov to an aggregate term of 100 to 144 months in

prison. On June 4, 2008, this Court affirmed the judgment of sentence.

***See Commonwealth v. Petrov***, 959 A.2d 466 (Pa. Super. 2008)

(unpublished memorandum). Petrov did not file a petition for allowance of

appeal with the Pennsylvania Supreme Court.

Petrov filed his first PCRA Petition on October 16, 2008. The PCRA court denied the PCRA Petition. The Superior Court affirmed the Order of the PCRA court. **See Commonwealth v. Petrov**, 24 A.3d 451 (Pa. Super 2011) (unpublished memorandum).

Petrov filed the instant PCRA Petition, his second, on April 11, 2014. The PCRA court denied the Petition as untimely filed.

Our standard of review regarding a PCRA court's order of dismissal is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Initially, we observe that PCRA petitions must be filed within one year of the defendant's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). The judgment of sentence is final at the conclusion of direct review or once the period for seeking the review has expired. **Id**. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Petrov's judgment of sentence became final on July 7, 2008, after the time to seek review with the Pennsylvania Supreme Court had expired. **See** Pa.R.A.P. 1113(a) (stating that a petition for allowance of appeal shall be filed with the Supreme Court within thirty days after the

entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed); *see also Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. 2000) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Thus, Petrov's Petition is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

In this case, Petrov has not alleged any of the statutory exceptions to the PCRA's timeliness requirement to consider the Petition on the merits. Accordingly, the PCRA court properly denied relief.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2015

- 3 -