J-S70015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEONARD REEL, | |
| Appellant | No. 1000 EDA 2015 |

Appeal from the PCRA Order March 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1116711-1978

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                 **FILED DECEMBER 08, 2015**

Appellant, Leonard Reel, appeals *pro se* from the order of March 13, 2015, dismissing, without a hearing, his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely, we affirm.  We deny Appellant's petition for an extension of time to file a reply brief as moot.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.

On December 12, 1979, a jury found Appellant, who was twenty-three years old at the time of the incident, guilty of murder in the first degree.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Following the denial of post-trial motions, the trial court sentenced him to a term of life imprisonment. On December 17, 1982, the Pennsylvania Supreme Court affirmed the judgment of sentence. (*See Commonwealth v. Reel*, 453 A.2d 923 (Pa. 1982)).

Appellant filed his first *pro se* petition pursuant to the Post Conviction Hearing Act (PCHA)[1] on April 22, 1983. The PCHA court appointed counsel who filed an amended petition on May 3, 1985. Following oral argument on November 21, 1985, the PCHA court dismissed the petition without a hearing. Appellant did not file an appeal.

On May 27, 1987, Appellant, through counsel, filed his second petition pursuant to the PCHA. On September 23, 1988, the PCHA court dismissed the petition without a hearing. On May 25, 1989, this Court affirmed the denial of the second PCHA petition. (*See Commonwealth v. Reel*, No. 02957 Philadelphia 1988, unpublished memorandum (Pa. Super. filed May 25, 1989)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

Appellant, acting *pro se,* filed a third petition, this time pursuant to the PCRA, on October 29, 2002. The PCRA court dismissed the petition as untimely on April 2, 2003. Appellant did not file an appeal.

---

[1]The PCHA was the predecessor to the current PCRA.

On April 27, 2012, Appellant filed a *pro se* "Petition for a Writ of *Habeas Corpus*" in the Civil Trial Division of the Philadelphia Court of Common Pleas. Deeming the pleadings to be a PCRA petition, the Civil Trial Division *sua sponte* transferred the matter to the Criminal Trial Division. On September 8, 2014, Appellant filed an amended *pro se* petition. On February 19, 2015, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. *See* Pa.R.Crim.P. 907(1). Appellant filed a response on March 9, 2015. On March 13, 2015, the PCRA court dismissed the petition as untimely.

Appellant subsequently filed a timely *pro se* notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal and did not issue any additional opinion. *See* Pa.R.A.P. 1925.

Appellant raises one question on appeal:

> A. Whether Appellant is entitled to a remand to the PCRA court for an evidentiary hearing as the findings of the PCRA court are fraught with error and have deviated from the legal standard?

(Appellant's Brief, at 3) (unnecessary capitalization omitted).

Appellant appeals from the denial of his PCRA petition. To be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived.

- 3 -

*See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Our standard of review for an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

In the instant matter, Appellant filed his PCRA petition on April 27, 2012. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the Pennsylvania Supreme Court affirmed the judgment of sentence on December 17, 1982. Therefore, Appellant's judgment of

sentence became final on February 21, 1983, after the sixty-day period to file a petition for a writ of *certiorari* with the United States Supreme Court expired. *See* U.S.Sup.Ct.R. 20.

Because Appellant did not file his petition until April 27, 2012, the petition is facially untimely. Thus, to obtain PCRA relief, he must plead and prove that his claim falls under one of the statutory exceptions to the one-year time bar provided at section 9545(b). *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully pleads and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one

of the above-enumerated exceptions applies.  ***See, e.g.***, ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant seeks to invoke the newly-discovered facts exception, (***see*** Appellant's Brief, at 7-12), codified at 42 Pa.C.S.A. § 9545(b)(1)(ii), and discussed in the Pennsylvania Supreme Court's decision in ***Commonwealth v. Bennett***, 930 A.2d 1264, (Pa. 2007), which held that this exception refers not to after-discovered evidence, but to facts that were previously unknown to the petitioner.  ***See Bennett***, ***supra*** at 1270.  The Court in ***Bennett*** also held, in accord with the statutory language, that an appellant must prove that the facts upon which the claim is predicated could not have been ascertained earlier through the exercise of due diligence. ***See id.*** at 1272; ***see also Commonwealth v. Taylor***, 933 A.2d 1035, 1041 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation omitted).

Specifically, Appellant asserts that "brain science" discussed in the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), is newly discovered evidence that could have either been utilized to support mitigation or to demonstrate that Appellant could not have formulated the intent to kill because his brain was not yet fully developed.  (***See*** Appellant's Brief, at 11).  Appellant concedes that ***Miller***,

as a legal precedent, is not relevant because he was over 18 years old at the time he committed the crimes underlying his sentence. (*See id.* at 10).

However, the "brain science" identified by Appellant was published in 2003. *See Miller*, at 2464. As noted, Appellant did not file the instant petition until 2012, undeniably more than sixty days later. Appellant contends that he could not have discovered this "brain science" prior to the *Miller* decision. (*See* Appellant's Brief, at 11-12). Even taking this argument at face value, we note that the United States Supreme Court discussed the science at issue in *Miller* years before in both *Graham v. Florida*, 560 U.S. 48, 68-69 (2010) and *Roper v. Simmons*, 543 U.S. 551, 570 (2005).

Moreover, our Supreme Court has specifically held that the starting point for the sixty-day clock is not the date that a decision, article, or report references a study but the date that the study itself first became available in the public domain. *See Commonwealth v. Edmiston*, 65 A.3d 339, 352-53 (Pa. 2013), *cert. denied*, 134 S.Ct. 639 (2013) (holding that sixty-day clock began running from date that various studies first became available in public domain, not date of publication of report that compiled the results of studies). The "brain science" specifically discussed in *Miller* was from 2003. *See Miller*, *supra* at 2464. The studies discussed in *Roper*, which the Supreme Court references in *Miller*, date from as early as 1968. *See id.*; *see Roper*, *supra* at 570. Thus, Appellant did not file his fourth PCRA

petition within sixty days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Therefore, because the record demonstrates that Appellant's PCRA petition is untimely with none of the statutory exceptions to the time bar proven, we affirm the order of the court dismissing Appellant's fourth PCRA petition. Further, we deny Appellant's petition for an extension of time to file a reply brief as moot.

Order affirmed. Petition denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2015