J-S77043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN A. ROSS, | |
| Appellant | No. 120 MDA 2016 |

Appeal from the PCRA Order December 21, 2015
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004498-1997

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 14, 2016**

Appellant, Shawn A. Ross, appeals *pro se* from the order denying his *pro se* petition for *habeas corpus* relief, properly treated as a sixth petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 (PCRA) and dismissed by the PCRA court as untimely.  Appellant claims he received an illegal sentence.  We affirm.

A jury convicted Appellant of murder of the first degree and related offenses, on August 13, 1998.[1]  The next day the court sentenced him to life imprisonment plus a term of not less than nine and a half nor more than

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The jury convicted Appellant of murder of the first degree, two counts of aggravated assault, reckless endangerment, firearms not to be carried without a license, and possessing an instrument of crime.  (**See** N.T. Trial, 8/13/98, at 393).

nineteen years of incarceration. This Court affirmed the judgment of sentence on November 17, 1999, and on May 25, 2000, our Supreme Court denied allowance of appeal. (*See Commonwealth v. Ross*, 748 A.2d 1254 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 758 A.2d 1198 (Pa. 2000)). Appellant did not petition the United States Supreme Court for a writ of *certiorari*.

In this sixth petition for post-conviction relief, filed October 2, 2015, Appellant argues chiefly that his sentence is unconstitutional and therefore illegal, citing, *inter alia*, **Alleyne v. United States**, 133 S. Ct. 2151 (2013).[2] (**See** Appellant's Brief, at 9-10).

The PCRA court dismissed Appellant's petition, reasoning in pertinent part that under **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015), **Alleyne** did not apply retroactively on post-conviction review. (**See** PCRA Court Opinion, 3/16/16, at 3). Appellant timely appealed.[3]

He presents three questions for our review:

> I. Whether the [PCRA] court abused its discretion and/or committed an error of law when it refused to correct an

---

[2] **Alleyne** decided that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne, supra** at 2155 (citations omitted). From this premise the High Court concluded that judicial fact finding that increases the mandatory minimum sentence for a crime is not permissible under the Sixth Amendment, overruling **Harris v. United States**, 536 U.S. 545 (2002).

[3] Appellant filed a timely statement of errors. The PCRA court filed an opinion on March 16, 2016. **See** Pa.R.A.P. 1925.

unconstitutional sentencing statue [sic] that is now void *ab initio*?

II. Whether the Appellant has an equal protection right under the Fourteenth Amendment of the United States Constitution to a re-sentencing hearing just like those prisoner's [sic] who [sic] sentences were vacated based upon unconstitutional statues [sic]?

III. Whether the Writ of *Habeas Corpus* remains an available remedy under Pennsylvania Constitution and can the PCRA statue [sic] serve as a bar to redress of those claims when the PCRA offers no remedy due to a lack of jurisdiction?

(Appellant's Brief, at 4).

Our standard of review for an order denying PCRA relief is well-settled:

We review a PCRA court's order to determine whether it is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. **See Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011).

However, a petition must be timely before the PCRA court can review the merits of the petitioner's claim. "[I]f a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted). The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).

Here, as noted, Appellant's judgment of sentence became final on August 23, 2000, ninety days after May 25, 2000, when the Pennsylvania Supreme Court denied leave to appeal and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Therefore, Appellant had one year, until August 23, 2001 to file a timely PCRA petition.

Appellant cannot circumvent the time constraints of the PCRA by the expedient of labeling his petition as a request for a writ of *habeas corpus*. The remedy of *habeas corpus* is subsumed in the PCRA. "The action established in this subchapter shall be the **sole means of obtaining collateral relief and encompasses all other common law** and statutory remedies for the same purpose that exist when this subchapter takes effect, **including *habeas corpus*** and *coram nobis*." 42 Pa.C.S.A. § 9542 (emphases added).

Because Appellant did not file his current petition until October 2, 2015, over fifteen years after his judgment of sentence became final, it is untimely on its face. Thus, he had to plead and prove that his claim falls under one of the exceptions at section 9545(b) to establish jurisdiction for a merit review. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that: (i) the failure to raise the claim previously was the result of interference by government officials

with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. **See id.**

Furthermore, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." **Id.** at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. **See**, **e.g.**, **Commonwealth v. Abu–Jamal**, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Preliminarily, in this appeal, it is important to distinguish at the outset between claims of illegality of sentence on direct appeal, which, as Appellant suggests, generally may not be waived, and claims of illegality of sentence on collateral appeal, as here.

> Appellant offers that even if untimely, a petitioner's claims will always be considered on the merits when the claims challenge the legality of the sentence. Appellant is mistaken. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the

exceptions thereto. Thus, Appellant's contention is easily dismissed.

*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

Similarly, Appellant, citing *Alleyne* and other cases, erroneously assumes that "a mandatory sentencing scheme" was applied in this case, that the application is unconstitutional, and therefore illegal.[4] (Appellant's Brief, at 10). First, the PCRA court correctly determined that *Alleyne* does not apply. (*See* PCRA Ct. Op., at 3).[5] *Alleyne* is not retroactive on collateral appeal. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that *Alleyne* does not apply retroactively to cases pending on collateral review); *see also Riggle*, *supra* at 1064.

Appellant fails to develop any other argument that he qualifies for one of the three statutory exceptions to the PCRA time-bar. Accordingly, the PCRA court correctly determined that it lacked jurisdiction to review the merits of Appellant's underlying claims, and properly dismissed the petition.

---

[4] We note parenthetically for the sake of completeness that the question of whether an *Alleyne* violation implicates the legality of a sentence and thus renders a challenge non-waivable is currently pending before our Supreme Court. *See Commonwealth v. Barnes*, 122 A.3d 1034 (Pa. 2015) (*per curiam*); *see also Riggle*, *supra* at 1064 (declining to apply *Alleyne* retroactively to cases during PCRA review).

[5] Moreover, here, unlike *Alleyne*, the trial court did not engage in any additional fact-finding; it merely applied the sentence prescribed for the offenses of which the jury convicted Appellant.

Finally, as observed and argued by the Commonwealth, even if *Alleyne* applied, Appellant failed to file his petition within sixty days of the filing of the opinion. (***See*** Commonwealth's Brief, at 7); ***see also Alleyne supra*** (decided June 17, 2013). As already noted, Appellant filed his petition on October 2, 2015, over two years later.

Because Appellant failed to plead and prove any of the three statutory exceptions to the PCRA time-bar, the PCRA court correctly decided it lacked jurisdiction to review the merits of Appellant's claims, and properly dismissed his petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2016