J-S51038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN PALMER | : | |
| | : | |
| Appellant | : | No. 517 EDA 2017 |

Appeal from the PCRA Order January 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1204301-2000

BEFORE:   BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED AUGUST 18, 2017**

Appellant Stephen Palmer appeals *pro se* from the January 18, 2017, order entered in the Court of Common Pleas of Philadelphia County dismissing his serial petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed. After a careful review, we affirm.

The relevant facts and procedural history underlying this appeal have been aptly set forth previously by this Court as follows:

> On November 2, 2001, Appellant was sentenced to life imprisonment without the possibility of parole after the trial court convicted him of one count of first-degree murder, and two counts each of recklessly endangering another person and

_____

[*] Former Justice specially assigned to the Superior Court.

possession of an instrument of crime.[1]  This Court affirmed the judgment of sentence on January 10, 2003.  **Commonwealth v. Palmer**, 3490 EDA 2001 (Pa.Super. 2003) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 6, 2004, Appellant filed a timely counseled PCRA petition, which the PCRA court dismissed on October 25, 2005.  This Court affirmed that order on August 20, 2007.  **Commonwealth v. Palmer**, 3289 EDA 2005 (Pa.Super. 2007) (unpublished  memorandum)....On  February  13,  2008,  our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed [a] *pro se* PCRA petition on April 25, 2012.  Appellant  retained  private  counsel,  who  filed  an  amended petition on December 10, 2013....On September 17, 2014, the PCRA  court  entered  an  order  dismissing  Appellant's  PCRA petition.   [This  Court  affirmed  that  order  on  December  28, 2015.]

**Commonwealth v. Palmer**, 2968 EDA 2014, at 1-3 (Pa.Super. 2015) (unpublished memorandum) (footnote in original).

On March 18, 2016, Appellant filed the instant *pro se* PCRA petition, and on November 28, 2016, the PCRA court provided notice of its intent to dismiss without an evidentiary hearing.  Appellant filed a response, and by order entered on January 18, 2017, the PCRA court dismissed Appellant's PCRA petition on the basis it was untimely filed.  This timely appeal followed.[2]

---

[1] 18 Pa.C.S.A. §§ 2502(a), 2705, and 907(a), respectively.

[2] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement; however, on February 22, 2017, the PCRA court filed a Pa.R.A.P.

*(Footnote Continued Next Page)*

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution

*(Footnote Continued)* ─────────────

1925(a) opinion setting forth its reasons for dismissing Appellant's PCRA petition as untimely.

or the law of this Commonwealth or the Constitution or law of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Further, a petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

In the case before us, as the PCRA court aptly found, Appellant was sentenced on November 2, 2001, and this Court affirmed his judgment of sentence on January 10, 2003. Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on February 10, 2003, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Appellant had one year from that date, or until February 10, 2004, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b). However, Appellant did not file the instant

PCRA petition until March 18, 2016, and thus, it is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry; however, as Appellant contends that he is entitled to the "newly-discovered facts" exception as delineated by Section 9545(b)(1)(ii). In this vein, Appellant specifically alleges "the Brain Science and Social Science revealed in **Miller v. Alabama**[3] constitutes [newly] discovered evidence." Appellant's Brief at 8 (footnote added). Appellant asserts he is entitled to be resentenced in light of "the scientific facts presented in **Miller** and those defined as a class or category of individuals that were included within the context of developing adolescence in **Miller**[.]" Appellant's Brief at 8.

Assuming, *arguendo*, Appellant met the initial sixty day threshold, we find Appellant is not entitled to Section 9545(b)(1)(ii)'s timeliness exception. Our appellate courts have expressly rejected the notion that judicial decisions can be considered "newly-discovered facts" which would invoke the protections afforded by Section 9545(b)(1)(ii). **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980, 986 (2011) (holding a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA).

---

[3] **Miller v. Alabama**, 132 S.Ct. 2455 (2012).

Appellant also asserts that he is entitled to the timeliness exception of Section 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively. Specifically, Appellant asserts that his sentence is illegal under **Miller**, **supra**, and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016).

Assuming, *arguendo*, Appellant met the initial sixty day threshold, we agree with the PCRA court that the dictates of **Miller/Montgomery** are inapplicable to Appellant. In **Miller**, the High Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole violates the Eight Amendment's prohibition to cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances. In **Montgomery**, the High Court held that its ruling in **Miller** is to be given retroactive effect on collateral review.

However, the **Miller** decision applies to only those defendants who were "under the age of 18 at the time of their crimes." **Miller**, 132 S.Ct. at 2460. Here, as Appellant admits, and the PCRA court found, Appellant was twenty-five years old at the time he committed the instant murder. **See** Appellant's Brief at 6, 8; PCRA Court Opinion, filed 2/22/17, at 5 n.2. Therefore, we agree with the PCRA court that the holdings in **Miller/Montgomery** are inapplicable to Appellant.

Appellant argues, nevertheless, that he may invoke **Miller/Montgomery** because his immature and/or diminished brain was not

fully developed at the time of the murder. Thus, Appellant seeks an extension of **Miller/Montgomery** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding. However, this Court has previously rejected such an argument. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (holding the nineteen-year-old appellant was not entitled to relief under **Miller/Montgomery** on collateral review; rejecting argument that he should be considered a "technical juvenile").

Finally, to the extent Appellant contends generally that his sentence is illegal and that such a claim is non-waivable, we note that that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.Super. 2007) (quotation marks, quotations, and citations omitted).

For all of the aforementioned reasons, we agree with the PCRA court that Appellant's instant PCRA petition is untimely, and he has failed to invoke successfully any of the timeliness exceptions. Thus, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2017