J-S03035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HARRY DARBY | : | |
| | : | No. 635 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 9, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001961-2010

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                  **FILED FEBRUARY 27, 2018**

Appellant Harry Darby appeals from the order of the Court of Common Pleas of Philadelphia County dismissing Appellant's petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  As Appellant's petition is untimely, we affirm.

On August 16, 2011, Appellant entered a negotiated guilty plea to aggravated assault, robbery, conspiracy, burglary, possession of an instrument of crime and violations of the Uniform Firearms Act (VUFA).  On that day, Appellant received an aggregate sentence of seven to fourteen years' imprisonment.  On January 15, 2013, this Court affirmed the judgment of sentence.  On June 10, 2013, the Supreme Court denied Appellant's petition for allowance of appeal.

_____

*   Former Justice specially assigned to the Superior Court.

On January 27, 2016, Appellant filed a *pro* se PCRA petition, challenging the effectiveness of his trial counsel in advising him to enter a guilty plea. On November 30, 2016, newly-appointed counsel sought to withdraw his representation and filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). On December 10, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 9, 2017, the PCRA court dismissed Appellant's petition on the merits and allowed counsel to withdraw. The PCRA court did not determine whether Appellant's petition was timely. On February 2, 2017, Appellant filed this timely appeal.

When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. **Commonwealth v. Smallwood**, 155 A.3d 1054, 1059 (Pa.Super. 2017) (citations omitted). Before we can reach the merits of this petition, however, we must determine whether this PCRA petition was timely filed. "[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted).

Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to

plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. **Leggett**, 16 A.3d at 1146 (citing 42 Pa.C.S.A. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on August 16, 2011, this Court affirmed the judgment of sentence on January 15, 2013, and the Supreme Court denied allowance of appeal on June 10, 2013. Appellant did not seek review in the Supreme Court of the United States. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9543(b)(3). Appellant's judgment of sentence became final on September 8, 2013, after the expiration of the ninety-day period in which he was allowed to seek review in the U.S. Supreme Court. **See** U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). As such, Appellant needed to file his PCRA petition by September 8, 2014. As Appellant filed the instant petition on January 27, 2016, this petition is facially untimely.

Moreover, our review of Appellant's petition reveals that none of the PCRA timeliness exceptions are applicable in this case. Appellant has not alleged nor proven that (1) the delay in raising his current claims was caused by interference by governmental officials, (2) the claims in his PCRA petition were unknown to him or could not have been ascertained by the exercise of due diligence or (3) his claims consist of recently recognized constitutional rights. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Therefore, as Appellant's PCRA petition is untimely, the PCRA court had no jurisdiction to consider it. *Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa.Super. 2000). Even though the PCRA court denied Appellant's petition on grounds other than untimeliness, "this Court may affirm the decision of the PCRA Court if it is correct on any basis." *Id* (citations omitted).[1]

Order affirmed. Jurisdiction relinquished.

---

[1] We note that Appellant has not asserted any deficiency in counsel's *Turner*/*Finley* letter with respect to counsel's failure to recognize the untimeliness of this petition. In *Commonwealth v. Pitts*, 603 Pa. 1, 9, 981 A.2d 875, 880 (2009), our Supreme Court held that it is improper for an appellate court to *sua sponte* address the adequacy of a no-merit letter filed before the PCRA court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/27/18</u>