J-S11035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARVIN WOODS, | : | |
| | : | |
| Appellant | : | No. 2175 EDA 2017 |

Appeal from the PCRA Order June 14, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0946111-1991

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                 **FILED APRIL 20, 2018**

Marvin Woods ("Woods") appeals, *pro se*, from the Order dismissing his fourth Supplemental Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant history underlying this appeal as follows:

> [Woods] was arrested and subsequently charged in connection with the fatal shooting of John Preston [("Preston")] on September 3, 1991, at the Barrett Junior High School playground in Philadelphia.  After an argument ensued during a basketball game, [Woods] retrieved a handgun and shot Preston three times in the back and buttocks from short range, killing him.  [Woods was under the age of 18 at the time of the murder.]  On April 7, 1992, following a non-jury trial …, [Woods] was convicted of first-degree murder and possession of an instrument of crime.  The trial court sentenced [Woods, under a mandatory minimum sentencing statute,] to life imprisonment for the murder conviction and a lesser concurrent term of incarceration for the possessory offense.  Following a direct appeal, the Superior Court affirmed the judgment of sentence on July 20, 1993, and the Pennsylvania Supreme Court denied *allocatur* on April 7, 1994.  [**See Commonwealth v. Woods**, 633 A.2d 1226 (Pa. Super. 1993)

(unpublished memorandum), ***appeal denied***, 644 A.2d 735 (Pa. 1994).]

On June 8, 2004, nearly ten years after his judgment of sentence became final, [Woods] filed a *pro se* PCRA [P]etition, his first. [PCRA counsel] was appointed[,] who subsequently filed an [A]mended [P]etition on August 24, 2004. The PCRA court dismissed the [P]etition as untimely on June 27, 2005. The Superior Court affirmed the dismissal on April 18, 2006. [***See Commonwealth v. Woods***, 902 A.2d 984 (Pa. Super. 2006) (unpublished memorandum).]

[Woods] was unsuccessful in obtaining collateral relief through subsequent [PCRA P]etitions filed in 2010 and 2011. [Woods withdrew the second PCRA Petition that he filed in 2010. Concerning the Petition he filed in August 2011 (hereinafter, the "Third PCRA Petition"), Woods asserted that he had recently discovered information that satisfied the "newly-discovered facts" exception to the PCRA's one-year filing deadline. This Court affirmed the PCRA court's dismissal of the Third PCRA Petition as untimely. ***See Commonwealth v. Woods***, 75 A.3d 555 (Pa. Super. 2013) (unpublished memorandum).]

On December 17, 2013, [Woods] filed his fourth PCRA [Petition,] seeking relief on the basis of ***Miller v. Alabama***, 132 S. Ct. 2455 (2012) and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).[1, 2] The Commonwealth endorsed [Woods's] claim for relief. On January 17, 2017, [Woods] filed a supplemental PCRA [P]etition [(hereinafter, the "Supplemental PCRA Petition")] iterating a previously[-]raised newly-discovered [facts] claim [(*i.e.*, the claim that Woods raised in his Third PCRA Petition)]. The PCRA court determined that [Woods] is entitled to relief

---

[1] In ***Miller***, the United States Supreme Court held that sentencing schemes that mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments." ***Miller***, 132 S. Ct. at 2460. The ***Montgomery*** Court held that ***Miller*** applies retroactively. ***Montgomery***, 136 S. Ct. at 736. Accordingly, in the instant case, the ***Miller*** holding would apply to Woods.

[2] Woods invoked ***Montgomery*** in a March 2016 Amendment to his fourth PCRA Petition.

pursuant to **Miller**/**Montgomery** insofar as he was under the age of eighteen at the time he murdered Preston. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Woods] was served [N]otice of the PCRA court's intention to dismiss his non-**Miller** claim[, presented in the Supplemental PCRA Petition,] on March 20, 2017.[FN, 3] [Woods] submitted responses to the Rule 907 [N]otice on April 7 and May 5, 2017. On June 14, 2017, the PCRA court issued an [O]rder dismissing [Woods's Supplemental PCRA] [P]etition as untimely.[4] On June 22, 2017, [Woods timely filed a] [N]otice of appeal … to the Superior Court.

> [FN] Upon the resolution of [Woods's] newly-discovered evidence claim, [*i.e.*, via the Superior Court's decision in the instant appeal,] the [PCRA] court will address his remaining **Miller** sentencing claim.

PCRA Court Opinion, 8/15/17, at 1-3 (several footnotes in original omitted, one footnote retained, footnotes added).

In this timely appeal, Woods presents the following questions for our review:

A. Did the Court of Common Pleas appropriately dismiss[] [Woods's] after discovered fact as previously known facts?

B. Should the [PCRA c]ourt have considered [Woods's] limited access to public information?

Brief for Appellant at 4 (unnumbered). We will address Woods's issues simultaneously.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and

---

[3] The PCRA court expressly stated in its Rule 907 Notice that Woods's claim under **Miller**/**Montgomery** was preserved.

[4] The Order did not dismiss Woods's December 17, 2013 fourth PCRA Petition.

free of legal error. ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. ***Id.***

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). In the instant case, Woods concedes that his Supplemental PCRA Petition is facially untimely, as he filed it over two decades after July 1994, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (hereinafter "timeliness exception(s)"). Any PCRA petition invoking one of the timeliness exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***see also Albrecht***, 994 A.2d at 1094.

In the instant case, Woods invokes the "newly-discovered facts" timeliness exception, set forth at section 9545(b)(1)(ii). Concerning this exception, this Court has explained that it

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this

exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).

Moreover, it is well settled that a PCRA petitioner cannot obtain PCRA review of previously litigated claims by presenting those claims again in a PCRA petition and setting forth new theories of relief in support thereof. *Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa. Super. 2000); *see also* 42 Pa.C.S.A. § 9543(a)(3) (providing that previously litigated claims are not cognizable under the PCRA).

Woods argues that the PCRA court erred in determining that he failed to meet the newly-discovered facts exception to the PCRA's time bar. *See* Brief for Appellant at 9-10 (unnumbered). Namely, Woods relies upon information that he had recently discovered, from other criminal defendants who had been interrogated by the same officer who had interrogated Woods, Detective Thomas Augustine ("Detective Augustine"), *i.e.*, that Detective Augustine had subjected them and Woods to unlawful interrogation techniques to coerce a confession. *Id.* Additionally, Woods contends that "the PCRA court misapprehended the requirements for establishing the newly-discovered facts exception[.]" *Id.* at 10 (unnumbered). Finally, Woods complains that the PCRA court failed to take into account his limited access to legal materials and information of public record while in prison. *Id.* at 10-11.

In its Opinion, the PCRA court addressed Woods's claim as follows:

In his [Supplemental PCRA P]etition, [Woods] repackaged his previously-raised grievance that Detective [] Augustine subjected him to unlawful interrogation methods. In [an] attempt to satisfy the [newly-discovered] fact exception, [at section] 9545(b)(1)(ii), [Woods] appended[, to his Response to the PCRA court's Rule 907 Notice (the "Response"),] an affidavit from Bobby Harris [("Harris")], an inmate who claimed that Detective Augustine [had] coerced his confession prior to his murder trial in 1989. Harris'[s] affidavit, dated May 2, 2017, iterated the alleged abuse disclosed during his trial. [Woods] also attached [to his Response] the United States District Court's decision in **Hill v. Wetzel**, 2016 WL 6648583 (E.D. Pa. Nov. 10, 2016), which pointed out that numerous defendants, including Harris, have claimed mistreatment at the hands of Detective Augustine. Finally, [Woods] attached a civil complaint filed by Anthony Wright, one of the defendants referenced in the **Hill** decision[,] who alleged misconduct by Detective Augustine.

Addressing [Woods's] prior attempt to present Detective Augustine's alleged misconduct as newly-discovered [facts], the Superior Court stated, [*i.e.*, concerning the PCRA court's Order dismissing Woods's Third PCRA Petition, as follows:]

> Relying on the newly[-]discovered facts exception to the time bar set forth in Section 9545(b)(1)(ii) of the PCRA, Woods asserts that it was not until 2008, when a fellow inmate showed him newspaper articles from 2001, that he learned of allegations of misconduct against Detective Augustine. He does not explain why he could not have discovered this evidence in the nearly fourteen years that passed between the highly publicized acquittal of [two defendants in a separate Philadelphia rape and murder case investigated by Detective Augustine,] [Herbert] Haak and [Richard] Wise[,] on March 14, 1997[,] and the filing of [Woods's Third PCRA P]etition …. Having failed to establish that he could not have discovered the evidence through due diligence, Woods'[s] [P]etition was untimely. **See Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001) (claim untimely because petitioner failed to explain why he could not have obtained documents in question earlier with exercise of due diligence).
>
> Furthermore, the sole value of the evidence is to support a claim that Detective Augustine engaged in improper

- 6 -

interrogation tactics. The alleged newly[-]discovered facts simply support a previously known "fact," and therefore do not satisfy the exception to the time bar. ***Commonwealth v. Marshall***, 947 A.2d 714, 721 (Pa. 2009) ("the after-discovered facts exception focuses on fact, 'and not on a newly discovered or newly willing source for previously known facts,' and accordingly [petitioner] fails to demonstrate that his claim falls under this exception.") (citation omitted).

***Commonwealth v. Woods***, [75 A.3d 555] (Pa. Super. [] 2013) [(unpublished memorandum at 5-7)].

Undeterred by his prior lack of success, [Woods] is again presenting allegations of Detective Augustine's misconduct in unrelated cases in attempt to trigger the PCRA court's jurisdiction. The documents advanced by [Woods], including Harris'[s] affidavit, are merely new sources for a previously known fact and therefore failed to satisfy the timeliness provision. ***See*** [] ***Marshall***, 947 A.2d [at] 720 [].

PCRA Court Opinion, 8/15/17, at 4-5 (footnote and citations to record omitted). We agree with the PCRA court's cogent analysis and determination, which is supported by the record and the law. Accordingly, we affirm on this basis in concluding that the PCRA court properly found that Woods's facially untimely Supplemental PCRA Petition failed to meet the newly-discovered facts exception or any other timeliness exception. ***See id.***; ***see also*** 42 Pa.C.S.A. § 9543(a)(3) (providing that previously litigated claims are not cognizable under the PCRA).[5] Neither of Woods's issues on appeal entitle him to relief.

---

[5] Moreover, there is no merit to Woods's bald claim that the PCRA court misapprehended the requirements for establishing the newly-discovered facts exception.

- 7 -

Accordingly, because Woods failed to properly plead or prove any exception to the PCRA's one-year time-bar, the PCRA court properly dismissed his Supplemental PCRA Petition without a hearing, as the court lacked jurisdiction to address it. **See Albrecht**, **supra**. We likewise lack jurisdiction to address the merits of Woods's claims, and thus affirm the PCRA court's Order dismissing the Supplemental PCRA Petition. However, for the reasons discussed above, we must remand the case for the PCRA court to address the matter of the illegality of Woods's mandatory life sentence under **Miller**/**Montgomery**.

Order affirmed; case remanded for further proceedings consistent with this Memorandum; Woods's Application for Discontinuance denied; Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/18