**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Scott HUTCHINS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 2000.
Filed Sept. 13, 2000.

Beth A. Muhlhauser, Abington, for appellant.

Michael Marion, Assistant District Attorney, Norristown, for appellee.

BEFORE: EAKIN, J., STEVENS, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

¶ 1 This is an appeal from an order of the Court of Common Pleas of Montgomery County denying Appellant relief under the Post Conviction Relief Act, (PCRA), 42 Pa.C.S.A. §§ 9541–9546. After review, we affirm.

¶ 2 The underlying relevant facts and procedural history of Appellant's case have been previously set forth by our Court in its published opinion as follows:

Appellant committed a vicious and brutal attack on a woman at a train station in Lansdale, Montgomery County by stabbing her over thirteen times in the face, head, neck, chest and extremities. He approached her from behind, grabbed her purse and began slashing her, causing severe injuries and tremendous blood loss. Medical records revealed that the victim survived only because of the bitterly cold temperature on the day of the attack.

Appellant subsequently entered an open plea of guilty to robbery, possession of an instrument of crime and attempted murder. Prior to sentencing, he petitioned the court to permit him to withdraw the plea. His petition was denied after a hearing and he was sentenced to an aggregate term of 17 ½ to 35 years in prison.

*Commonwealth v. Hutchins*, 453 Pa.Super. 209, 683 A.2d 674, 675 (1996). In his direct appeal to our Court Appellant raised two issues. The first issue was a challenge to the Trial Court's refusal to allow Appellant

to withdraw his guilty plea prior to sentencing. *Id.* at 675. The second issue was a challenge to the Trial Court's departure from the sentencing guidelines and to the imposition of the maximum sentence. *Id.* at 676–677. Our Court rejected both claims and affirmed Appellant's Judgment of Sentence on September 25, 1996.

¶ 3 Appellant did not afterwards petition our Supreme Court for allowance of appeal within the 30 day period permitted for the filing of such petitions under Pa.R.A.P. 1113(a). Instead Appellant filed a *pro se* Petition for Allowance of Appeal *nunc pro tunc* with the Supreme Court on January 16, 1997. This petition was denied by the Supreme Court on March 25, 1997. Appellant next filed a counseled PCRA Petition, his first, on March 20, 1998.[1] Thereafter the Trial Court conducted a hearing on August 6, 1999. At this hearing Appellant, through counsel, waived consideration of any issues raised in his PCRA Petition which related to the ineffective assistance of trial counsel. Appellant asked instead that the Trial Court only consider the issues in his PCRA Peti-

tion concerning the Trial Court's failure to allow him to withdraw his guilty plea prior to sentencing and the Trial Court's alleged failure to properly apply the sentencing factors of 42 Pa.C.S.A. § 9721 in imposing its sentence which Appellant contended resulted in an illegal sentence. N.T. P.C.R.A. Hearing, 8/6/99, at 2–3; P.C.R.A. Petition, filed 3/20/98, at 26.[2] The Trial Court ultimately dismissed Appellant's petition by order issued August 6, 1999. The Trial Court ruled that the two remaining issues which Appellant wished the Court to consider had already been addressed in Appellant's direct appeal. Trial Court Opinion dated 9/23/99 at 1–2. A timely appeal from this order to our Court followed.

¶ 4 Appellant raises the following issues in this appeal for our Court's consideration:

I. Is Appellant entitled to a new trial because of the trial court's failure to allow Appellant to withdraw his guilty plea?

II. Is Appellant entitled to a new sentencing hearing because of the trial

1. Appellant titled his Petition a "PETITION FOR HABEAS CORPUS RELIEF UNDER ARTICLE I, SECTION 14 of the PENNSYLVANIA CONSTITUTION AND FOR POST-CONVICTION RELIEF UNDER THE POST-CONVICTION RELIEF ACT." In *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) our Supreme Court, relying on its prior holding in *Commonwealth v. Chester*, 557 Pa. 358, 375, 733 A.2d 1242, 1251 (1999), reiterated that a bifurcated system of post-conviction review, in which certain claims for relief are considered under the P.C.R.A. and others are considered outside its framework, is inconsistent with the legislature's intent to make the PCRA the exclusive vehicle for obtaining collateral review and relief which encompasses all other common law remedies such as habeas corpus. *Id.* at 222–223, 736 A.2d at 569. The Court clearly stated that the PCRA provides "the procedural context within which constitutional rights connected with habeas corpus remedies may be exercised." *Id.* at 223, n. 4, 736 A.2d at 570, n. 4. *See also Chester*, at 375, 733 A.2d at 1251. ("The legislature has clearly directed that the PCRA provide the sole means for obtaining collateral review and relief, encompassing all other

common law rights and remedies, including habeas corpus."); *Commonwealth v. Bronshtein*, 561 Pa. 611, 614 n. 3, 752 A.2d 868, 869 n. 3 (2000) (Although Appellant's petition was filed as an "Amended Petition for Habeas Corpus Relief under Article I, Section 14 of the Pennsylvania Constitution and for Statutory Post–Conviction Relief Under the Post–Conviction Relief Act," his petition for habeas corpus relief will be subsumed into the discussion of his PCRA petition given that the PCRA [42 Pa.C.S.A. § 9542] specifically states: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.") Consequently, Appellant's Petition, which was filed after the effective date of the 1995 amendments to the PCRA, will be treated solely as a PCRA Petition for purposes of our review, its title notwithstanding.

2. The Trial Court colloquied Appellant on whether he wished to pursue this course of action and the Appellant indicated that he did. N.T. PCRA Hearing, 8/6/99, at 4–5.

court's refusal to appropriately engage in the balancing scheme required by 42 Pa.C.S.A. § 9721(b)?

III. Is Appellant entitled to a new sentencing hearing because the trial court improperly used Appellant's request to withdraw his guilty plea against HIM (sic) at sentencing by engaging in an unwarranted upward departure?

IV. Is Appellant entitled to a new sentencing hearing because of prejudicial remarks made by Judge Salus at Appellant's sentencing hearing, demonstrating judicial bias against Appellant and thus rendering illegal the sentence imposed upon Appellant?

V. Is Appellant entitled to relief from his conviction and sentence because of the cumulative effect of the errors described above?

VI. Did the Trial Court Err in Denying Post–Conviction Relief to Appellant?

Appellant's Brief at 3.

▪▪▪ ¶ 5 Before we can address the merits of these issues, though, we must consider the question of whether Appellant's PCRA Petition was timely filed, for it is now a well-settled principle of law that if a PCRA Petition is untimely, a trial court has no jurisdiction to entertain the petition. *Commonwealth v. Crider,* 735 A.2d 730, 733 (Pa.Super.1999); *Commonwealth v. Dehart,* 730 A.2d 991, 994 (Pa.Super.1999); *Commonwealth v. Alcorn,* 703 A.2d 1054, 1057 (Pa.Super.1997), *appeal denied,* 555 Pa. 711, 724 A.2d 348 (1998). Although neither party nor the Trial Court has addressed this matter, it is well-settled that we may raise it sua sponte since a question of timeliness implicates the jurisdiction of our Court. *Commonwealth v. Priovolos,* 746 A.2d 621, 625 (Pa.Super.2000), *quoting Commonwealth v. Yarris,* 557 Pa. 12, 24, 731 A.2d 581, 587 (1999).

¶ 6 As discussed above, Appellant's present PCRA petition was filed on March 24,

1998, therefore, it is governed by the most recent amendments to the PCRA, which were enacted on November 17, 1995 and which became effective 60 days thereafter on January 16, 1996.[3] Included in the amendments was a change in the provision governing the time in which a PCRA petition had to be filed which is codified at 42 Pa.C.S.A. § 9545(b). Section 9545(b) now states:

**(b) Time for filing petition.-**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

---

**3.** The Act of November 17, 1995, P.L. 1118 No. 32 (Spec.Sess.No. 1) Section 3(1) provides that it is to apply to petitions filed after the effective date of the Act.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

¶ 7 Because Appellant's PCRA petition is governed by 42 Pa.C.S.A. § 9545(b)(1), Appellant had to file his petition within one year from the date his judgment of sentence became final. According to the plain language of 42 Pa. C.S.A. § 9545(b)(3), a judgment of sentence becomes final at the conclusion of direct review or *the expiration of the time for seeking the review*. As discussed, *supra*, Appellant's judgment of sentence was affirmed by our Court on September 25, 1996. Appellant therefore had 30 days after our Court affirmed his judgment of sentence to seek further review by our Supreme Court. *See* Pa. R.A.P. 1113(a) ("... a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed ..."). Appellant did not file his petition seeking allowance of appeal within this 30–day period. Thus, under the express terms of Section 9545(b)(3), Appellant's judgment of sentence became final after the expiration of the 30–day period in which Appellant was allowed to seek further review, which was on October 25, 1996. *See Commonwealth v. Hernandez*, 2000 Pa.Super 154, ¶ 24, 755 A.2d 1, 10 (Pa.Super.2000) (judgment of sentence became final when 30 day period for filing a petition for allowance of appeal to Supreme Court from our Court's decision affirming the judgment of sentence expired); *Commonwealth v. McMaster*, 730 A.2d 524, 527 (Pa.Super.1999), *appeal denied*, —— Pa. ——, 757 A.2d 930 (2/15/2000) (where appellant failed to file petition for allowance of appeal to Supreme Court within 30 days of Superior Court decision direct review of his conviction ended at that point).

¶ 8 We recognize that Appellant later filed an untimely petition for allowance of appeal with our Supreme Court, which was denied. This later filing and subsequent denial, however, does not operate to circumvent the clear and unambiguous language contained in Section 9545(b)(3) by altering the date on which Appellant's conviction became final. The fact remains that Appellant did not timely seek review of our Court's decision with our Supreme Court within the 30 day time period allowed for seeking such review, thus his conviction must be deemed final as of the expiration of that time period. Were we to hold otherwise, then we would be disregarding the plain meaning of Section 9545(b)(3) and acting in contravention to the express intent of the legislature.

¶ 9 As stated, *supra*, Appellant had one year from the date his conviction became final to file his PCRA Petition. Since his conviction became final on October 25, 1996, in order for his PCRA Petition to be timely it had to have been filed by October 27, 1997.[4] Appellant's PCRA Petition was not filed however, until March 20, 1998 over one (1) year and almost five (5) months after his conviction became final. It is therefore untimely.

¶ 10 Notwithstanding the lateness of the petition, it will not be deemed untimely under the PCRA if it falls within the following exceptions to the one-year filing requirement found in Section 9545:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

---

4. The one year anniversary of the date Appellant's judgement of sentence became final was October 25, 1997. However since this date fell on a Saturday Appellant would have had until the next business day, Monday October 27, 1997 to file his PCRA Petition. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period [of time under a statute] shall fall on Saturday or Sunday ... such day shall be omitted from the computation.")

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1) (i-iii).

¶ 11 We have reviewed Appellant's Petition to see if it fits within any of the exceptions provided in Section 9545(b)(1)(i-iii), and we find that none are applicable to excuse the untimeliness of his petition. Appellant has neither alleged nor proven that the delay in raising his current claims was caused by interference by governmental officials, thus § 9545(b)(1)(i) is inapplicable. Appellant has neither alleged nor proven that the claims that comprise his current PCRA petition were not known to him or could not have been ascertained by the exercise of due diligence, therefore, § 9545(b)(1)(ii) is inapplicable. Finally, Appellant has neither alleged nor proven that his claims consist of recently recognized constitutional rights, thus § 9545(b)(1)(iii) is inapplicable. Since Appellant's PCRA petition is untimely, the PCRA Court lacked jurisdiction to consider it, thus its denial of the petition was proper. *Alcorn, supra,* 703 A.2d at 1057. Although the PCRA Court denied the petition on grounds other than untimeliness, this Court may affirm the decision of the PCRA Court if it is correct on any basis. *Commonwealth v. Pursell,* 561 Pa. 214, 224–225, 749 A.2d 911, 917 (2000); *Commonwealth v. Ahlborn,* 453 Pa.Super. 124, 683 A.2d 632, 641 n. 14 (1996), *affirmed* 548 Pa. 544, 699 A.2d 718 (1997).

¶ 12 We note that even if we were to deem Appellant's PCRA Petition timely, we would still be required to affirm the PCRA Court. As we have said in a past case: "In reviewing a post-conviction court's grant or denial of relief, we are limited to evaluating whether the record supports the court's findings and whether the order is free of legal error." *Commonwealth v. Yager,* 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (*en banc*), *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997). As the PCRA Court correctly found, Appellant's claims relating to the Trial Court's failure to allow him to withdraw his plea and to the legality of his sentence have been previously litigated in his prior direct appeal to this court. A claim previously litigated in a direct appeal is not cognizable under the PCRA. 42 Pa. C.S.A. § 9544(a)(2); *Commonwealth v. Chester,* 557 Pa. 358, 379–380, 733 A.2d 1242, 1253 (1999). *Commonwealth v. Miller,* 560 Pa. 500, 512, 746 A.2d 592, 598 (2000). The mere fact that Appellant is now advancing new arguments in support of these previously litigated issues is of no avail. A PCRA Petitioner cannot obtain PCRA review of previously litigated claims decided adversely to him in his direct appeal simply by presenting those claims again in a PCRA Petition and setting forth new theories of relief in support thereof. *Commonwealth v. Morales,* 549 Pa. 400, 410, 701 A.2d 516, 521 (1997). "The purpose of the PCRA is not to provide a defendant with a means of relitigating the merits of issues long since decided on direct appeal." *Commonwealth v. Henry,* 550 Pa. 346, 365, 706 A.2d 313, 322 (1997), *quoting Commonwealth v. Buehl,* 540 Pa. 493, 500, 658 A.2d 771, 775 (1995).

¶ 13 Order affirmed. Jurisdiction relinquished.