**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN KEHOE | : | |
| | : | |
| Appellant | : | No. 3063 EDA 2016 |

Appeal from the PCRA Order September 9, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-0002517-1976

BEFORE: BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 16, 2017**

Appellant, John Kehoe, appeals *pro se* from the September 9, 2016, order entered in the Court of Common Pleas of Montgomery County dismissing his serial petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed. After a careful review, we affirm.

The relevant facts and procedural history underlying this appeal have been aptly set forth by the PCRA court as follows:

> On December 11, 1978, [Appellant] was sentenced to twenty-five (25) to fifty (50) years imprisonment for rape [and related offenses]. This sentence was affirmed by [this Court] on July 18, 1980. [Appellant] did not seek review from the Pennsylvania Supreme Court[.]

_____

[*] Former Justice specially assigned to the Superior Court.

In September of 1982, [Appellant] filed his initial petition under the Post Conviction Hearing Act, [the predecessor to the PCRA, and] the lower court denied [the petition.] [Appellant] appealed this ruling, but later discontinued the appeal on February 2, 1983.

On May 3, 1983, the lower court denied [Appellant's] second petition under the Post Conviction Hearing Act. [This Court] affirmed this [order] on January 4, 1985, with the Pennsylvania Supreme Court denying [Appellant's] petition for allowance of appeal from the same on July 15, 1985.

On August 9, 2004, the lower court denied [Appellant's] [petition for DNA testing of sperm samples and hair samples taken during the rape investigation to be compared against his DNA. The lower court denied the petition. This Court affirmed on May 16, 2005,] and the Pennsylvania Supreme Court denied allocatur on December 13, 2005.

In August of 2008, [Appellant], acting *pro se*, filed paperwork essentially requesting time credit towards his sentence. [The lower court denied the petition under the auspices of the PCRA, and Appellant did not appeal.]

PCRA Court Opinion, filed 12/16/16, 1-2 (emphasis omitted).

Thereafter, on or about April 20, 2011, Appellant filed the instant *pro se* PCRA petition, and on August 31, 2011, the PCRA court provided Appellant with notice of its intent to dismiss the petition without a hearing. For reasons not apparent on the record, the PCRA court did not enter a final order dismissing the petition until September 9, 2016. Appellant filed a timely *pro se* appeal, and all Pa.R.A.P. 1925 requirements have been met.

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are

supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case before us, as the PCRA court aptly found, Appellant was sentenced on December 11, 1978, and this Court affirmed his judgment of sentence on July 18, 1980. Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on August 17, 1980, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Appellant had one year from that date, or until August 17, 1981, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). However, Appellant did not file the instant PCRA petition until April 20, 2011, and thus, it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).[1]

This does not end our inquiry as Appellant attempts to invoke the "new constitutional right" exception of 42 Pa.C.S.A. § 9545(b)(1)(iii).[2]

---

[1] Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allows first PCRA petitions to be filed by January 16, 1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056–57 (Pa.Super. 1997). However, this is not Appellant's first PCRA petition, and the instant petition was not filed by January 16, 1997. Accordingly, Appellant is not entitled to the *proviso*'s benefit.

[2] To invoke the "new constitutional right" exception, the petitioner must plead and prove that "the right asserted is a constitutional right that was
*(Footnote Continued Next Page)*

- 4 -

Specifically, Appellant argues that he is entitled to the retroactive application of **Commonwealth v. Barton-Martin**, 5 A.3d 363, 365 (Pa.Super. 2010), **Briscoe v. Virginia**, 130 S.Ct. 1316 (2010) (*per curiam)*, and **Melendez-Dias v. Massachusetts**, 129 S.Ct. 2527 (2009).[3]

A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "When the exception asserted is Section 9545(b)(1)(iii), the 60–day rule runs from the date of the germane decision." **Commonwealth v. Secreti**, 134 A.3d 77, 80 (Pa.Super. 2016) (citation omitted).

Here, this Court filed its decision in **Barton-Martin** on September 8, 2010. The United States Supreme Court filed its decision in **Briscoe** on January 25, 2010, and its decision in **Melendez-Dias** on June 25, 2009.

*(Footnote Continued)* ───────────────

recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

[3] In **Melendez-Dias**, the United States Supreme Court held that lab reports admitted to establish a defendant's guilt constitute testimonial statements subject to the Sixth Amendment right to confrontation, and thus, such reports are inadmissible unless the defendant has the opportunity to cross-examine the lab analyst at trial. In **Briscoe**, the United States Supreme Court applied **Melendez-Dias** retroactively on direct appeal. In **Barton-Martin**, this Court examined **Melendez-Dias** and **Briscoe** on direct appeal of an appellant's judgment of sentence. This Court held that admission of the appellant's blood-alcohol content test result, without a showing that the laboratory technician who actually performed the testing was unavailable and that the appellant had a prior opportunity to cross-examine her, violated the appellant's Sixth Amendment right to confrontation in the prosecution for driving under the influence.

However, Appellant did not file the instant PCRA petition until April 20, 2011. Accordingly, Appellant has not asserted his timeliness exception with sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

For all of the aforementioned reasons, we agree with the PCRA court that Appellant's instant PCRA petition is untimely and Appellant has not established any of the timeliness exceptions to the PCRA time-bar. Thus, we affirm the PCRA court's dismissal of the petition.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017