**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SULAIMAN TAALIBDIN | : | |
| | : | No. 43 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order December 5, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1135341-1982

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 17, 2018**

Sulaiman Taalibdin appeals *pro se* from the order dismissing his "Motion to Strike a Void Judgment" as an untimely petition pursuant to the Post Conviction Relief Act[1] ("PCRA"). We affirm.

On May 25, 1983, a jury found Taalibdin guilty of second-degree murder and possessing an instrument of crime. The trial court sentenced him to life imprisonment on June 4, 1985. This Court affirmed his judgment of sentence on January 22, 1988, and our Supreme Court denied allowance of appeal on July 13, 1988. Taalibdin filed his first PCRA petition in February 1991. Counsel was appointed but ultimately filed a "no-merit" brief. The PCRA court dismissed the petition and this Court affirmed. Taalibdin proceeded to file

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

three more PCRA petitions, each of which was dismissed by the PCRA court as untimely, and this Court affirmed.

Taalibdin filed the instant "Motion to Strike A Void Judgment" on February 14, 2011. In his motion, he asserted that his judgment of sentence was void because he was not provided with notice that the predicate offense for his second-degree murder charge was robbery, and thus the trial court did not "possess jurisdiction over the subject matter." (Motion to Strike a Void Judgment, February 14, 2011, 1-2). The PCRA court filed notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and Taalibdin filed a response. Thereafter, the PCRA court dismissed Taalibdin's motion via a memorandum opinion and order dated December 5, 2016, wherein the court concluded that Taalibdin's motion constituted yet another untimely PCRA petition. Taalibdin filed a timely notice of appeal and the PCRA court did not require him to comply with Pa.R.A.P. 1925(b).

Taalibdin raises two issues for our review:

1. Did the [PCRA] court abuse its discretion when it treated [Taalibdin's] Motion to Strike as a PCRA [petition]?

2. If a void judgment can be attacked at anytime [sic], is it a per se denial of due process to require [Taalibdin] to meet one of the exceptions to the PCRA time bar, before it will review his Motion to Strike a Void Judgment, when if the judgment is truly void time would prove to be irrelevant?

Appellant's Brief at 1.

The crux of Taalibdin's argument lies in his contention that the relief he seeks, the striking of his judgment of sentence as void, should not be subject to the PCRA or the PCRA's time bar. We note that Taalibdin does not claim that any exception to the time bar applies to his motion. Instead, he attempts to circumvent the PCRA time requirements by recasting his request for collateral relief as somehow procedurally distinct from a PCRA petition.

It is well settled that "the PCRA provides the sole means of obtaining state collateral relief" for claims that are cognizable under the PCRA. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999); 42 Pa.C.S.A. § 9542. If a claim is cognizable under the PCRA, the PCRA remains the sole means of obtaining collateral relief regardless of the manner in which a filing is titled. **Commonwealth v. Hutchens**, 760 A.2d 50, 52 n.1 (Pa.Super. 2000). Moreover, this Court has specifically rejected any attempt to "evade the timeliness requirements of the PCRA" by framing a request for collateral relief as something other than a PCRA petition. **Commonwealth v. Stout**, 978 A.2d 984, 988 (Pa. 2011) (citations omitted).

In the instant case, Taalibdin claims that his judgment of sentence was void because the trial court lacked jurisdiction. This claim is cognizable under the PCRA under 42 Pa.C.S.A. § 9543(a)(2)(viii) (specifying that a claim that a conviction resulted from a "proceeding in a tribunal without jurisdiction" is subject to the PCRA). Thus, the trial court properly treated Taalibdin's motion as the functional equivalent to a PCRA petition subject to the PCRA's timeliness

requirements. *See Yarris*, 731 A.2d at 586; *Hutchens*, 760 A.2d at 52 n.1; *Stout*, 978 A.3d at 988.

It is beyond cavil that in the absence of an applicable exception, a petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). In this case, this Court affirmed Taalibdin's judgment of sentence in January 1988 and our Supreme Court denied his petition for allowance of appeal in July 1988. Therefore, Taalibdin's judgment of sentence became final in September 1988, 60 days after our Supreme Court denied his petition for allocatur. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 20.1 (repealed Jan. 1, 1990).[2] Thus, Taalibdin's instant petition, filed over 20 years later in 2011, is patently untimely.

To overcome the PCRA's timeliness requirement, Taalibdin was required to plead and prove one of the following exceptions: (1) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i)(iii). Here, Taalibdin does not plead, let alone prove, any exception to the PCRA's time bar. Therefore, the PCRA court properly concluded that because Taalibdin's petition was untimely, the court

---

[2] Presently, Sup. Ct. R. 13 provides 90 days for the filing of a petition for writ of *certiorari*.

- 4 -

lacked jurisdiction to grant Taalibdin relief. Accordingly, we affirm the PCRA court's order dismissing Taalibdin's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/18