J-S19025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER JACKSON CARTER :
:
Appellant : No. 1942 EDA 2017

Appeal from the PCRA Order May 17, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002272-2012

BEFORE: SHOGAN, J., NICHOLS, J., and PLATT, J.*

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 25, 2018**

Appellant Christopher Jackson Carter appeals from the order dismissing

his first Post Conviction Relief Act[1] (PCRA) petition following a hearing.

Appellant contends that the PCRA court erred in suggesting that his petition

was untimely filed and denying relief on the merits of the petition. We agree

with Appellant that his petition was timely filed but affirm the order denying

relief.

The PCRA court summarized the procedural history of this matter as

follows:

> On December 3, 2012, a Criminal Information was filed charging
> [Appellant] with 5 counts of Rape by Forcible Compulsion, 18
> Pa.C.S.A. § 3121(1), (F1); 5 counts of Rape of a Mentally Ill or
> Deficient Victim, 18 Pa.C.S.A. § 3121(4), (F1); 5 counts of

---

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Involuntary Deviate Sexual Intercourse-Compulsion, 18 Pa. C.S.A. §3121(1), (F1); 5 counts of Involuntary Deviate Sexual Intercourse-Victim Less than 16, 18 Pa.C.S.A. § 3123(5), (F1); 5 counts of Aggravated Indecent Assault-Without Consent, 18 Pa C.S.A. § 3125(1), (F2); 4 counts of Indecent Assault-Over 18/Under 14, 18 Pa.C.S.A. § 3126(a)(6), (M1); 5 counts of Indecent Assault of Person less than 13 years of age, 18 Pa.C.S.A. § 3126 (a)(1), (M2); 5 counts of Endangering Welfare of Children, 18 Pa.C.S.A. § 4304, (M1); and 5 counts of Corruption of Minors, 18 Pa.C.S.A. § 6301 (a), (M1).

These charges stem from ongoing sexual abuse suffered by K.M.B. [Victim] at the hands of [Appellant]. [Victim] testified that she was sexually abused by her mother's paramour, [Appellant], since the age of 4, from 1991 to 1994. On October 21, 2013, a jury trial commenced and on October 22, 2013, the jury returned a verdict of guilty to the following:

1. 1 count of Rape by Forcible Compulsion;

2. 5 counts of Involuntary Deviate Sexual Intercourse Person Less than 16;

3. 5 counts of Aggravated Indecent Assault;

4. 4 counts of Indecent Assault;

5. 5 counts of Endangering Welfare of Children; and

6. 5 counts of Corruption of Minors.

On February 18, 2014, the Honorable Jennifer Harlacher Sibum sentenced [Appellant] to a state correctional institution for an aggregate term of incarceration of no less than 240 months and not to exceed 480 months.[2] [Appellant] filed an appeal to the

---

[2] The trial court's aggregate sentence was composed of the following sentences of imprisonment: (1) seven to fourteen years on Count 1 – rape by forcible compulsion; (2) a consecutive seven to fourteen years on Counts 16 – IDSI person less than 16 years old; (3) six to twelve years on Count 17 - IDSI person less than 16 years old; (4) concurrent six to twelve years on Counts 17-20 - IDSI person less than 16 years old, each; (5) concurrent one to two years on Count 35-39 – endangering welfare of children, each.

Pennsylvania Superior Court and on March 19, 2015, [and this] Court affirmed [Appellant]'s judgment of sentence. [**Commonwealth v. Carter**, 111 A.3d 1221 (Pa. Super. 2015)] A request for allowance of appeal was not filed by counsel and on or about September 10, 2015, Petitioner filed a *Nunc Pro Tunc* Petition for Allowance of Appeal with the Pennsylvania Supreme Court. On December 21, 2015, the Pennsylvania Supreme Court issued an Order granting [Appellant]'s *Nunc Pro Tunc* Petition for Allowance of Appeal. On June 1, 2016, the Pennsylvania Supreme Court denied [Appellant]'s Petition for Allowance of Appeal.

PCRA Ct. Op., 8/11/16, 1-3.

Appellant filed a *pro se* PCRA petition, which the PCRA court received on August 11, 2016. The court appointed counsel, who filed an amended PCRA petition on September 26, 2016.[3] The Commonwealth filed an answer, asserting that Appellant's petition was not timely filed. According to the Commonwealth, Appellant's conviction became final on April 19, 2015, thirty days after this Court affirmed the judgment of sentence and Appellant failed

_____

The trial court's sentencing order referred to mandatory sentencing under 42 Pa.C.S. § 9718(a)(3) with respect to Counts 1 and 16-20, for rape and IDSI, respectively. However, the applicable mandatory minimum provision was former section 9718(a)(1) which, *inter alia*, required that a person convicted of rape and IDSI when the victim is under sixteen years of age be sentenced to not less than **five** years' imprisonment. **See** 1982, Dec. 30, P.L. 1472 No. 334, § 1; **see also Commonwealth v. Arnold**, 514 A.2d 890, 891 n.1 (Pa. Super. 1986) (quoting former section 9718).

This Court has held that a sentence greater than the prescribed mandatory minimum provision is not subject to a challenge under **United States v. Alleyne**, 570 U.S. 99 (2013). **See Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015). Therefore, because the sentences imposed for rape and IDSI in this case exceeded the prescribed mandatory minimum sentence, **Alleyne** is not at issue. **See id.**

[3] In the meantime, the Commonwealth filed an answer asserting that Appellant's petition should be dismissed as untimely.

to file a timely petition for allowance of appeal. Therefore, the Commonwealth asserted that the one-year PCRA time bar expired on April 19, 2016.

The PCRA court convened a hearing on December 2, 2016, at which both Appellant and Appellant's trial counsel (trial counsel) testified. The court thereafter entered an order dismissing Appellant's petition on May 17, 2017. In the opinion accompanying its order, the court agreed with the Commonwealth's position that Appellant's petition was not timely filed. Nevertheless, the court addressed Appellant's claims and found them to be meritless.

Appellant timely appealed and complied with the PCRA court's order to submit a Pa.R.A.P. 1925(b) statement. The court adopted its May 17, 2017 order as dispositive of the issues raised in Appellant's Rule 1925(b) statement.

Appellant presents the following questions on appeal:

1. Did the trial court err and abuse its discretion by not finding that any failure by [Appellant] to file a timely PCRA [petition] was the result of the ineffectiveness of counsel and, as such, that his PCRA [petition] was timely filed for court review?

2. Did the trial court err and abuse its discretion by not finding, following PCRA hearing, that trial counsel was ineffective and that such ineffec[tiveness] was constitutionally infirm such that [Appellant] is entitled to a new trial?

Appellant's Brief at 5.

Appellant first contends that the PCRA court erred in concluding that his PCRA petition was not timely filed. Specifically, Appellant argues that the court erred in concluding that his conviction became final on April 19, 2015.

- 4 -

Appellant emphasizes that the Pennsylvania Supreme Court granted him leave to file a petition for allowance of appeal *nunc pro tunc* on December 28, 2015, and denied allowance of appeal on June 1, 2016. He concludes that the Pennsylvania Supreme Court thus "extend[ed] the life of the case until the conclusion of such review." Appellant's Brief at 12.

Appellant's contention raises a pure question of law. Our standard of review is *de novo*, and our scope of review is plenary.

The PCRA states, in relevant part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . .

\*\*\*

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b)(1), (3).

In **Commonwealth v. Hutchins**, 760 A.2d 50 (Pa. Super. 2000), the petitioner was convicted, and this Court denied his direct appeal on September 25, 1996. *Id.* at 51-52. The petitioner did not petition the Pennsylvania Supreme Court for allowance of appeal within thirty days of this Court's decision, but filed a petition for allowance of appeal *nunc pro tunc* on January 16, 1997. *Id.* at 52. The Pennsylvania Supreme Court denied the petition on March 25, 1997. *Id.* The petitioner subsequently filed his first PCRA petition

- 5 -

on March 20, 1998, within one year of the Supreme Court's denial of his petition for allowance of appeal *nunc pro tunc*. ***Id.*** The PCRA court denied the petition as raising issues previously addressed during the petitioner's direct appeal. ***Id.***

This Court affirmed the PCRA court's ruling on a different basis:

[The petitioner]'s judgment of sentence was affirmed by our Court on September 25, 1996. [The petitioner] therefore had 30 days after our Court affirmed his judgment of sentence to seek further review by our Supreme Court. ***See*** Pa.R.A.P. 1113(a) (". . . a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed . . . "). [The petitioner] did not file his petition seeking allowance of appeal within this 30–day period. Thus, under the express terms of Section 9545(b)(3), [the petitioner]'s judgment of sentence became final after the expiration of the 30-day period in which Appellant was allowed to seek further review, which was on October 25, 1996.

We recognize that [the petitioner] later filed an untimely petition for allowance of appeal with our Supreme Court, **which was denied**. This later filing and subsequent denial, however, does not operate to circumvent the clear and unambiguous language contained in Section 9545(b)(3) by altering the date on which [the petitioner]'s conviction became final. The fact remains that [the petitioner] did not timely seek review of our Court's decision with our Supreme Court within the 30 day time period allowed for seeking such review, thus his conviction must be deemed final as of the expiration of that time period. Were we to hold otherwise, then we would be disregarding the plain meaning of Section 9545(b)(3) and acting in contravention to the express intent of the legislature.

***Hutchins***, 760 A.2d at 54 (some citations omitted and emphasis added).

***Hutchins*** is distinguishable from the instant case. Here, the Pennsylvania Supreme Court **granted** Appellant leave to proceed *nunc pro*

*tunc* and denied his petition for allowance of appeal on June 1, 2016. Once the Pennsylvania Supreme Court granted *nunc pro tunc* relief, Appellant's right to direct review was revived. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 944-45 (Pa. Super. 2003) (concluding that reinstatement of direct appeal rights *nunc pro tunc* rendered judgment of sentence non-final for the purposes of Section 9545); *see also* Black's Law Dictionary at 1174 (9th ed. 2009) (defining *nunc pro tunc* as "[Latin 'now for then'] [h]aving retroactive legal effect through a court's inherent power").

Furthermore, when the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on its merits on June 1, 2016, Appellant had ninety days to seek further relief in the United States Supreme Court. *See* S.Ct.R. 13. Because Appellant did not file a petition for a writ of *certiorari*, his conviction became final for the purposes of the PCRA on August 30, 2016, and the one-year time period to file a facially timely petition would have expired after August 30, 2017. Therefore, Appellant's *pro se* PCRA petition, which was docketed on August 11, 2016, was timely filed.

Appellant next contends that the PCRA court erred in denying relief on the issues raised in his petition. Because the PCRA court conducted an evidentiary hearing and ruled that Appellant's issues lacked merit, we proceed to consider the merits of Appellant's arguments.

The standards governing our review are well settled:

> In addressing the grant or denial of post-conviction relief, [appellate courts] consider whether the PCRA court's conclusions are supported by record evidence and are free of legal error. [T]o

- 7 -

prevail on . . . ineffectiveness allegations, [an a]ppellant must demonstrate that the underlying claim is of arguable merit; that no reasonable strategic basis existed for counsel's act or omission; and that counsel's error resulted in prejudice, or, in other words, that there is a reasonable probability that the outcome would have been different. In addition, [an a]ppellant is required to establish that his claims have not been previously litigated or waived.

***Commonwealth v. Gibson***, 951 A.2d 1110, 1120 (Pa. 2008) (citations omitted).

Appellant first argues that trial counsel was ineffective for failing to consult and seeking his input before trial. Appellant's Brief at 15. No relief is due.

Instantly, trial counsel testified that she consulted with Appellant.[4] N.T., 12/2/16, at 34-35, 37. As noted by the PCRA court, trial counsel also testified that Appellant became uncooperative with her shortly before trial. ***See*** PCRA Ct. Op., 5/17/17, at 8; N.T., 12/2/16, at 38-39. Thus, Appellant's argument that trial counsel failed to consult with him is belied by the record, and the PCRA court properly denied this claim for lack of arguable merit.

Appellant, in his second argument, asserts that trial counsel failed "to seek the attendance at trial of the numerous witnesses, both character and fact-based suggested" by Appellant. Appellant's Brief at 15.

It is well settled that

Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations

---

[4] We note that trial counsel testified that Appellant conceded some improper contact with Victim, but denied committing felony offenses. N.T., 12/2/16, at 34.

- 8 -

unnecessary. Counsel's unreasonable failure to prepare for trial is "an abdication of the minimum performance required of defense counsel." The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance.

***Commonwealth v. Johnson***, 966 A.2d 523, 535-36 (Pa. 2009) (citation omitted).

Additionally, when raising a claim of ineffectiveness for failure to call a potential witness, a petitioner must establish that:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Matias***, 63 A.3d 807, 810-11 (Pa. Super. 2013) (*en banc*) (citation omitted).

Here, trial counsel testified that she contacted Appellant's intended character witnesses. N.T., 12/2/16, at 33. According to trial counsel, Appellant's intended witnesses were "cousins who were children around the same age as the alleged victim." ***Id.*** The proposed witnesses were all out of state and "indicated in letters that they did not wish to testify." ***Id.*** At the PCRA hearing, Appellant did not call or even identify any witnesses that were available and willing to testify on his behalf. Therefore, Appellant's generalized assertions based on trial counsel's failure to investigate or call witnesses merit no relief. ***See Johnson***, 966 A.2d at 535-36; ***Matias***, 63 A.3d 807, 810-11.

- 9 -

In his third argument, Appellant asserts that trial counsel was ineffective for failing to cross-examine Victim based on her family history of abuse. Appellant baldly asserts that there was an "allegation of molestation by a family member." Appellant's Brief at 16. Appellant emphasizes that trial counsel testified that she believed she cross-examined Victim regarding the allegation of abuse by another party, but that the trial record did not support counsel's belief. *Id.* at 16-17. With respect to prejudice, Appellant states:

> Had counsel chosen to call the witnesses suggested by [Appellant], utilized the evidence of other sexual abuse within the alleged victim's family, pursued the proper pretrial motions and their necessary appeals and caused appropriate and thorough pretrial planning to occur through investigation and planning, the result of the trial and subsequent appeal would very likely have been different. As a result, [Appellant] is entitled to a new trial.

*Id.* at 17.

A review of the record reveals that Appellant provided no support for his assertions that Victim was abused by others. For example, Appellant's assertion that Victim was molested by her father appears to be based on his claim that Victim saw Appellant in the shower and told him, "My daddy's is bigger than yours." N.T., 12/2/16, at 11. Appellant also asserted at the PCRA hearing that Victim's uncle abused Victim's mother. *Id.* at 10. Aside from the speculative nature of Appellant's assertions, Appellant has not shown how these allegations, even if true, would have been admissible or would have changed the outcome at trial. Therefore, we conclude that Appellant failed to

carry his burden of establishing any right to relief. *See Gibson*, 951 A.2d at 1120.

In his fourth argument, Appellant contends that trial counsel was ineffective for failing to file pre-trial motions. Appellant's Brief at 16. We conclude that Appellant's boilerplate assertions impede our review to the extent that meaningful appellate review is not possible.

The Pennsylvania Rules of Appellate Procedure require that an argument include "discussion and citation of authority as are deemed pertinent." Pa.R.A.P. 2119(a). The Pennsylvania Supreme Court has stated:

> where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of this Court, even in a capital case, to formulate Appellant's arguments for him.

*Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).

Instantly, Appellant suggests that trial counsel was ineffective for failing to file a pre-trial motion challenging Victim's allegations based on taint. Appellant's Brief at 15. However, aside from his general assertions that Victim could have been molested by others, he advances no factual or legal argument that Victim, who was in her twenties when she first reported the abuse and then testified at trial, should have been deemed incompetent to testify. *Cf. Commonwealth v. Davis*, 939 A.2d 905, 906-08 (Pa. Super. 2007) (discussing pre-trial taint hearings to determine competence of minor victim). Therefore, Appellant's argument that trial counsel was ineffective for failing to

file pre-trial motions is waived.[5]  **See** Pa.R.A.P. 2119(a); **Johnson**, 985 A.2d at 924.

Lastly, Appellant claims that trial counsel was ineffective for failing to file a petition for allowance of appeal during his direct appeal.  We agree with the PCRA court that this claim is moot.  As discussed above, the Pennsylvania Supreme Court granted Appellant leave to file a petition for allowance of appeal *nunc pro tunc* and subsequently denied allowance of appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/25/18

---

[5] We note that Appellant suggested to the PCRA court that trial counsel was also ineffective for failing to file a pre-trial motion to quash the charges based on the statute of limitations.  However, in his brief, Appellant does not refer to the statute of limitations, discuss the pertinent changes in the law, or respond to the Commonwealth's assertions that the statute of limitations were tolled while Appellant was living outside of the Commonwealth.  Therefore, this issue is also waived.  **See** Pa.R.A.P. 2119(a); **Johnson**, 985 A.2d at 924.