J-S50008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK JENKINS | : | |
| | : | |
| Appellant | : | No. 632 EDA 2020 |

Appeal from the PCRA Order Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011317-2014

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 23, 2021**

Appellant, Mark Jenkins, appeals from the post-conviction court's February 7, 2020 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's case are not pertinent to the issues he raises on appeal.  The PCRA court summarized the relevant procedural history, as follows:

> On October 21, 2015, following jury selection and one day of trial testimony, [Appellant] pleaded guilty to aggravated assault, two counts of [firearm offenses,] and [possessing an instrument of crime].  The trial court colloquyed [*sic*] [Appellant] to ensure that his decision to forego trial and enter into a guilty plea was knowing, intelligent, and voluntary.  In addition to the extensive colloquy between the trial court and [Appellant], [Appellant] also signed a written guilty plea form that informed

_____

[*] Retired Senior Judge assigned to the Superior Court.

him, *inter alia*, [of] the consequences of pleading guilty and the maximum period of incarceration for the charges to which he pleaded guilty. Following a direct appeal, on April 12, 2018, the Superior Court affirmed the trial court's judgment of sentence. [**See Commonwealth v. Jenkins**, 190 A.3d 703 (Pa. Super. 2018) (unpublished memorandum).]

On June 15, 2018, [Appellant] filed a timely PCRA petition. On August 22, 2018, court appointed counsel Jason E. Parris, Esquire[, who] filed a letter of no-merit pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and] **Commonwealth v. Finley**, 55[0] A.2d 213 (Pa. Super. []1988) [(*en banc*)]. On November 2, 2018, the PCRA court filed a notice pursuant to Pa.R.Crim.P. 907 that [Appellant's] PCRA petition would be dismissed without further proceedings if [Appellant] did not contest the notice of dismissal within 20 days. In response, [Appellant] filed timely objections to the PCRA court's Rule 907 notice.

On January 11, 2019, the PCRA court vacated the Rule 907 notice and entered an order appointing John Cotter, Esquire[,] as counsel for [Appellant]. On March 27, 2019, [Appellant's] new court-appointed counsel filed an Amended PCRA petition; he also filed a Supplemental Amended PCRA petition on May 7, 2019. On February 7, 2020, the PCRA court dismissed [Appellant's] Amended PCRA petitions without an evidentiary hearing. [Appellant] filed this timely appeal.

PCRA Court Opinion (PCO), 8/27/20, at 1-2 (citation to the record omitted).

Appellant complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on August 27, 2020. Herein, Appellant states two issues for our review:

I. Did [the PCRA] court err in denying an evidentiary hearing when [A]ppellant asserted that direct appeal … counsel was ineffective in failing to raise the reasonableness/appropriateness of the sentence on appeal[,] when this issue was preserved by trial defense counsel?

II. Did [the PCRA] court err in denying an evidentiary hearing when [A]ppellant asserted that trial … counsel was ineffective when counsel failed to introduce mitigation evidence that counsel had in his possession[?]

Appellant's Brief at 2.

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he or she received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [*Commonwealth v.*] *Colavita*, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing *Strickland* [*v. Washington*, 466 U.S. 668 … (1984)]). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v.*] *Pierce*, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he

chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra.* Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita,* … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King,* … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" *Ali,* … 10 A.3d at 291 (quoting *Commonwealth v. Collins,* … 957 A.2d 237, 244 ([Pa.] 2008) (citing *Strickland,* 466 U.S. at 694….)).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

In this case, Appellant first argues that his appellate counsel acted ineffectively by not challenging the discretionary aspects of his sentence on appeal. According to Appellant, counsel should have argued that his sentence was excessive, as there was "extensive mitigation" evidence, including that Appellant took responsibility for his actions by pleading guilty, "he had extensive support of his family, he was abused as a child[,] and [he] had severe mental health issues." Appellant's Brief at 9. Appellant claims that his trial counsel preserved this sentencing challenge in a timely-filed post-sentence motion, and in Appellant's Rule 1925(b) statement. Thus, he insists that his appellate counsel had no reasonable basis for failing to argue this issue on appeal, and he "was prejudiced by counsel's failure because [he] lost the opportunity to have a new sentenc[ing] hearing where he could have received a reduced sentence." *Id.* Finally, he maintains that there are

material questions of fact regarding this ineffectiveness claim and, consequently, we should remand for an evidentiary hearing.

Initially, Appellant is correct that the PCRA court erred by deeming this sentencing claim previously litigated. **See** Appellant's Brief at 8; PCO at 5. While Appellant's trial counsel filed a motion for reconsideration of his sentence, raised a sentencing challenge in his Rule 1925(b) statement, and the trial court addressed that issue in its Rule 1925(a) opinion, this Court only addressed the merits of Appellant's claim that his guilty plea was involuntary. **See Commonwealth v. Jenkins**, No. 2208 EDA 2016, unpublished memorandum at 1-3 (Pa. Super. filed April 12, 2018). We did not consider the merits of any challenge to Appellant's sentence. Therefore, the PCRA court erred in deeming this issue previously litigated. **See** 42 Pa.C.S. § 9544(a)(2) ("For purposes of this subchapter, an issue has been previously litigated if: … the highest appellate court in which the petitioner could have had review as a matter of right **has ruled on the merits of the issue**") (emphasis added).

Nevertheless, the PCRA court properly denied Appellant relief on this ineffectiveness claim,[1] as Appellant is incorrect that his trial counsel preserved the above-stated sentencing claim. In Appellant's post-sentence motion and Rule 1925(b) statement, he argued that his sentence was excessive in light of

---

[1] "[T]his Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." **Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (citing **Commonwealth v. Pursell**, 749 A.2d 911, 917 (Pa. 2000); **Commonwealth v. Ahlborn**, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

the factors set forth in 42 Pa.C.S. § 9721(b) (*i.e.*, the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs), and that the court considered impermissible factors and double-counted factors already accounted for in the sentencing guidelines. **See** Post-Sentence Motion, 4/6/16, at 3 (unnumbered); Pa.R.A.P. 1925(b) Statement, 10/12/16, at 2 (unnumbered). Appellant made no mention of the court's alleged failure to consider mitigating evidence. Thus, his appellate counsel cannot be deemed ineffective for failing to assert a waived issue on appeal. **See** **Commonwealth v. Tilley**, 780 A.2d 649 (Pa. 2001) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.").

In any event, even had trial counsel preserved Appellant's mitigating-factors sentencing issue, we would conclude that Appellant has not proven he suffered prejudice from appellate counsel's failure to raise that claim on appeal. Appellant's assertion that the trial court did not consider the above-stated mitigating factors is belied by the Rule 1925(a) opinion filed by the trial court on direct appeal. **See** Trial Court Opinion, 11/14/16, at 10-12. Therein, the court stated that it considered the mitigating factors of "(1) [Appellant's] extensive family support; (2) [Appellant's] acceptance of responsibility by pleading guilty; (3) the abuse [Appellant] suffered during childhood; [and] (4) [Appellant's] mental health issues...." **Id.** at 11. The court noted, however, that there were also aggravating factors in Appellant's case, such as his prior convictions for violent offenses and his "previous violations of probation and parole." **Id.** The court further took into account Appellant's pre-sentence

report, his psychological evaluation, testimony from witnesses at the sentencing hearing, and Appellant's statements to the court. *Id.* Given the totality of these considerations, the court concluded that a 10 to 20 year sentence for Appellant's aggravated assault conviction was in line "with the protection of the public, the gravity of the offense, the impact of the crime on the victim, and [Appellant's] rehabilitative needs." *Id.*

Clearly, the trial court was aware of the mitigating factors cited by Appellant. However, it found that they were outweighed by the aggravating factors in his case, and that the section 9721(b) factors called for a lengthier sentence. Appellant offers no discussion of why the court's decision was flawed. Therefore, he has failed to demonstrate that this Court would have deemed the trial court's sentencing decision an abuse of discretion, had this issue been before us on direct appeal. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."). Therefore, even if Appellant's sentencing challenge had been preserved by trial counsel, we would conclude that he was not prejudiced by his appellate counsel's failure to raise it on appeal. Moreover, because no material questions of fact exist regarding this issue, the court did not err in denying it without an evidentiary hearing.

Next, Appellant claims that his trial counsel was ineffective for not presenting the sentencing court with mitigating evidence that, "about 11

months before his arrest" in this case, he suffered a back injury in a motor vehicle accident that required three "out-patient operative procedures" and caused Appellant "severe pain." Appellant's Brief at 12. Appellant contends that his counsel "had these records but failed to present them to the trial court at sentencing." *Id.* at 12-13. He states that he was prejudiced "because these records were mitigation evidence that should have been introduced at sentencing." *Id.* at 13 (citation omitted). Appellant insists that he "may have secured a lesser sentence," but for counsel's failure to present this evidence. *Id.* He also argues that he is entitled to an evidentiary hearing on this claim, as "[t]he issue of trial counsel['s] ineffectiveness is a material issue of fact…." *Id.* at 14.

Appellant's argument is unconvincing. Given the trial court's rationale for its sentencing decision, discussed *supra*, Appellant's cursory argument fails to demonstrate that the court would have imposed a lesser sentence had it known about his back injury. Accordingly, even if his trial counsel knew about his injury, and had no reasonable basis for not presenting that information to the sentencing court, Appellant has not established that he was prejudiced by counsel's failure. Thus, his ineffectiveness claim fails, and there are no questions of material fact warranting a hearing.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/23/2021*